IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

_____

UNITED STATES OF AMERICA

    v.                                                      No. 23-cr-20191-004

DESMOND MILLS, JR.,
       Defendant.

_____

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING
_____

      COMES NOW the Defendant, Desmond Mills, Jr., by and through counsel, Blake D. Ballin, and submits this Memorandum in Aid of Sentencing, and would state and show as follows:

      The landmark case of <u>United States v. Booker</u>, 543 U.S. 220, 264 (2005), held that the provisions of the federal sentencing statute that made the Sentencing Guidelines mandatory violated the Sixth Amendment right to jury trial. Accordingly, post-Booker, the Sentencing Guidelines were rendered advisory only, whereas the factors enumerated under 18 U.S.C. § 3553(a) remained mandatory for the consideration of the sentencing court. <u>See</u> <u>United States v. Phelps</u>, 366 F. Supp. 2d 580, 587 (E.D. Tenn. 2005) (sentencing court entertains argument for non-guidelines sentence so long as argument is relevant to one or more of the sentencing purposes in § 3553(a)(2)).

      Beginning with the parsimony principle, the statute provides that sentence must be "sufficient, but not greater than necessary" to comply with certain articulated purposes of

sentencing; namely the need . . .

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
>
> 18 U.S.C. § 3553(a)(2).

See United States v. Clark, 469 F.3d 568, 571 (6th Cir. 2006) (instructing that the job of a sentencing court is not to impose a "reasonable" sentence, but rather a sentence no greater than necessary to comply with the sentencing principles of § 3553(a)(2)).

Concerning deterrence, a sentencing court may appropriately consider both general deterrence for the charged crime as well as specific deterrence in connection with the individual defendant. United States v. Turner, 173 Fed. App'x 402, 408 (6th Cir. 2006) (citing United States v. Barbara, 683 F.2d 164, 167 (6th Cir. 1982)). Here, any custodial sentence will serve as a deterrent to similarly situated individuals. The threat of indictment, loss of employment and incarceration, even for a short period of time, will deter other officers from committing an offense similar to the one committed by Mr. Mills. Regarding specific deterrence to criminal conduct of Mr. Mills, a lengthy custodial sentence is not necessary to ensure that this defendant does not commit a criminal offense of any kind in the future. Mr. Mills has a lack of criminal history, absence of prior disciplinary actions for use of force, history of employment as a public servant, a considerable educational background, and strong family relationships. Because of these attributes and his admission of wrongdoing and expression of remorse, Mr. Mills is not a

threat to commit additional offenses making specific deterrence in the form of a long prison sentence unnecessary.

For similar reasons, there is no need to protect the public from further crimes by Mr. Mills. Again, he would point to his history and characteristics as an indication that he poses no danger to the public. Cf., United States v. Carroll, 691 F. Supp. 2d 672, 676 (W.D. Va. 2010) (finding departure above guidelines range appropriate with regard to conviction on counterfeit currency and money orders where defendant had a significant criminal record and public safety required a lengthy term of imprisonment to prevent defendant from committing further financial crimes). There is simply nothing about Mr. Mills's actions in this case or in his history indicating that the public needs to be protected from further crimes.

The federal sentencing statute also mandates that the sentencing court consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Under this provision, the court should examine the type and amount of harm done, and whether there are any particular aggravating or mitigating circumstances surrounding the offense. Subsection (a)(1) "provides a natural and necessary basis for placing the actions of an individual defendant in the broader context of the crime he or she committed." United States v. Wills, 476 F.3d 103, 110 (2d Cir. 2007). The sentencing court also considers the defendant's criminal history or lack thereof, as well as the nature and effect of any prior criminal sanctions, where applicable, to determine among other things the risk of recidivism. United States v. Deitz, 577 F.3d 672, 700-01 (6th Cir. 2009); United States v. Hernandez, 896 F.2d 642, 645 (1st Cir. 1990).

The offense committed in this matter undeniably resulted in the needless loss of the life

of Tyre Nichols.  The actions of Mr. Mills and his co-defendants each contributed to this result in different ways.  It was the actions of Mr. Martin that most directly led to the death of Mr. Nichols by delivering punches to his head.  In considering the nature and circumstances of the offense, it is important to focus on Mr. Mills's actions in relation to the actions of others, such as Mr. Martin. Mr. Mills is certainly guilty of a offense resulting in the death of Mr. Nichols.  Looking at the context of the crime committed by Mr. Mills it is clear that his role in the offense is different from the role played by others; specifically the role played by Mr. Martin who directly used the force that led to Mr. Nichols's death. Mr. Mills, by contrast, directly delivered two types of non-lethal force.  His first use of force was spraying Mr. Nichols with a chemical agent.  The second use of force was in the form of the deployment of his baton to deliver non-lethal strikes to the arm of Mr. Nichols.  The additional actions of Mr. Mills that have led to criminal liability have to do with his failure to intervene in the use of force by Mr. Martin and in his lack of truthfulness in reporting the events that took place on the evening of January 7, 2023.  While inexcusable and criminal in nature, it is important to note the specific conduct of Mr. Mills in crafting an appropriate sentence.

     Regarding the history and characteristics of Mr. Mills, it bears repeating that he has no criminal history.  Mr. Mills also does not have a history of disciplinary actions during his employment for use of force or any other serious infraction.  Instead, Mr. Mills is a married father of 3 young children. His educational history includes involvement in athletics and band while going on to earn a bachelor's degree.  Mr. Mills has a steady work history with many years of employment as a public servant.  Despite the indictments pending against him and his ultimate guilty plea to the offenses in this matter, Mr. Mills has maintained employment while on release.

Furthermore, he has complied with all court ordered conditions of release.

It is also important to note the extraordinary cooperation by Mr. Mills and his early admission of guilt and expression of remorse for his crimes. Mr. Mills began cooperating with the government within weeks of the date of this offense. He met with the government many times in preparation for trial and provided important testimony for the government at trial over the course of several days. Mr. Mills's cooperation has been thorough, substantial and public. His testimony and cooperation was instrumental in obtaining the guilty verdicts for Mr. Haley, Mr. Bean and Mr. Smith and was known to Mr. Martin at the time that he made the decision to enter a guilty plea in this matter.

Mr. Mills was the first defendant to admit guilt by pleading guilty to two counts of this indictment very early in this case. Mr. Mills was indicted by a Federal Grand Jury on September 12, 2023, and changed his plea from not guilty to guilty on November 2, 2023. This plea saved the government valuable resources by avoiding the necessity of putting Mr. Mills on trial for this indictment. Mr. Mills has taken responsibility for his actions not only through his plea, but also through his public and emotional expressions of remorse.

WHEREFORE, PREMISES CONSIDERED, Mr. Mills prays in the following particulars:

1. That the Court take note of the plea agreement which contemplates that any sentence not exceed 180 months of incarceration.

2. That the Court carefully consider the factors of 18 U.S.C. § 3553.

3. That the Court impose a sentence sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. § 3553.

4. For such further relief to which this Defendant may be entitled.

Respectfully submitted,
BALLIN, BALLIN & FISHMAN, P.C.

<u>/s/Blake D. Ballin, Esq.</u>
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103
(901) 525-6278
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon all interested parties via the ECF email system, this the **4th day of June, 2025.**

<u>/s/Blake D. Ballin, Esq.</u>