IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Criminal No. 2:23-cr-20191 |
| ) | |
| ) | **FILED UNDER SEAL** |
| **EMMITT MARTIN, III,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANTS' MOTIONS TO TAKE
DEPOSITIONS OR TO TAKE ADDITIONAL DISCOVERY**

The United States submits this response to Defendants' Motions To Take Depositions Or To Take Additional Discovery. ECF Nos. 889, 891, 892.

As to the requests to take discovery or to take the deposition of District Court Judge Mark Norris, the United States takes no position and submits to the judgment of the Court, but notes that "asking a district judge to testify is a serious matter," particularly where, as here, the basis for the request is speculative. *United States v. Ianniello*, 866 F.2d 540, 544 (2d Cir. 1989). The defendants claim this extraordinary measure is necessary "to discover . . . information regarding Judge Norris' beliefs," ECF No. 889 at 1, but they have not identified any evidence that Judge Norris harbored bias during their trial. They cite a smattering of adverse evidentiary rulings, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Discovery provided by the United States establishes only that, after trial, Judge Norris made comments that the defendants assert demonstrate his bias. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current

proceedings, or of prior proceedings, [however,] do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* For this reason, only judicial bias (1) stemming from extrajudicial sources or (2) rising to the level of "extreme" bias or prejudice supports recusal. *United States v. Adams*, 722 F.3d 788, 838 (6th Cir. 2013) (no error where district court judge refused to recuse himself after making adverse rulings toward defendants and commenting, after trial, about defendants' "culture of corruption"). The only extrajudicial source of information to which the defendants have pointed in this case—the shooting of R.L.—arose after trial. Nor have the defendants identified evidence that Judge Norris harbored during their trial any bias, let alone bias "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.

If the Court determines that additional discovery is necessary, it is worth noting that judicial testimony may still be unnecessary because "the facts may be adequately set forth in an affidavit." *Ianniello*, 866 F.2d at 544.

To the extent that the Motions can be read to include members of this Office, the government objects. The government has provided discoverable information in its possession that relates to the issue of potential judicial bias in this case. A deposition would not produce any additional relevant information on this issue and should not be ordered. In further support thereof, the government submits the following:

### Law Regarding Calling Prosecutors As Witnesses

A defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness. *United States v. Brothers*., 856 F. Supp. 388, 391 (M.D. Tenn. 1993). The government has a substantial interest in not allowing its prosecutors to testify because doing so generally requires

disqualification of the prosecutor. *United States v. Wooten*, 377 F.3d 1134, 1142 (10th Cir.2004)) (citing ABA Model Rules of Prof'l Conduct R. 3.7 ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness....")). *United States v. Rodella*, 59 F. Supp. 3d 1331, 1345 (D.N.M. 2014).

The Tenth Circuit has held that a "district court may decline to allow the defendant to call the prosecutor as a witness 'if it does not appear the prosecutor possesses information vital to the defense,' " because "[s]uch disqualifications would, of course, be tremendously inefficient and disruptive to the prosecution of criminal cases." *United States v. Wooten*, 377 F.3d at 1142–43 (*quoting United States v. Troutman*, 814 F.2d at 1439). While a criminal defendant has a right under Sixth Amendment to "compulsory process for obtaining witnesses in his favor," U.S. Const. amend. VI, which " 'includes the right to present witnesses in his or her own defense,' " this right is subject to restrictions, *United States v. Wooten*, 377 F.3d at 1142 (*quoting United States v. Powell*, 226 F.3d 1181, 1199 (10th Cir.2000)). These restrictions include a district court's ability to exclude testimony if the testimony is not relevant or if the United States' " 'interest in excluding the evidence outweigh[s] the defendant's interest in its admittance.' " *United States v. Powell*, 226 F.3d at 1199 (*quoting Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir.1997)). The Tenth Circuit has held that the United States' "substantial interest" in not allowing a prosecutor to testify outweighs a defendant's interest in admitting the testimony unless the " 'prosecutor possesses information vital to the defense.' " *United States v. Wooten*, 377 F.3d at 1143 (*quoting United States v. Troutman*, 814 F.2d at 1439).

Many courts have held that a prosecutor's testimony is not vital to the defense, or there is no compelling need for the testimony if the defendant can obtain the evidence from another source, other than the prosecutor's testimony, *see, e.g., United States v. Watson*, 952 F.2d 982,

3

986 (8th Cir.1991); *United States v. Campbell*, No. CR 04–0424 RWS, 2005 WL 6436621, at *8 (N.D.Ga. Oct. 24, 2005) (Story, J.)("[S]uch need tends not to exist where other witnesses are available to testify to the same subject....").

**Conclusion**

Succinctly put, the information that Defendants argue may exist is best found elsewhere. Because this evidence, to the extent that it exists at all, can be obtained through other means, this Court should deny any requests to depose attorneys from this Office.

                          Respectfully submitted,

                          JOSEPH C. MURPHY, JR.
                          Interim United States Attorney

                          s/ David Pritchard
By:    DAVID PRITCHARD
        Assistant United States Attorney
        167 N. Main Street, Ste. 800
        Memphis, TN 38103
        901/544-4231

**CERTIFICATE OF SERVICE**

    I, David Pritchard, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which sent notification of said filing to defense counsel.

                                              s/ David Pritchard
                                              DAVID PRITCHARD
                                              July 7, 2025